# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:21-CV-203-RJC-DCK

| | |
|---|---|
| CONSTANCE L. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| ROY COOPER, Governor Of North Carolina, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Cooper's Motion To Dismiss Amended Complaint" (Document No. 9). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## I. BACKGROUND

Plaintiff Constance L. Johnson ("Plaintiff" or "Johnson") initiated this action with the filing of a "Complaint" on May 4, 2021. (Document No. 1). Plaintiff then filed an "Amended Complaint" (Document No. 3) on May 26, 2021. The Amended Complaint names Roy Cooper, Governor of North Carolina, as the sole Defendant. (Document No. 3, p. 2). It is difficult to discern *pro se* Plaintiff's allegation(s), but the Amended Complaint seems to suggest that Governor Roy Cooper ("Defendant" or "Cooper") has somehow infringed Plaintiff's purported intellectual property related to the development of "the first ever online/virtual K-12 school." (Document No. 3, pp. 3, 5).

Plaintiff alleges that Governor Cooper is responsible for making her company's objectives "obsolete" by introducing her project as Wake County's project. (Document No. 3, p. 5). Plaintiff contends that Governor Cooper, Governor Cuomo, "and all the governors used [her] intellectual property" without acknowledging her work. Id. Plaintiff further contends that "[e]ach state owes [her] company $35 per teacher." Id.

On July 9, 2021, Defendant Cooper filed the pending "…Motion To Dismiss Amended Complaint" (Document No. 9) and "Memorandum Of Law In Support…" (Document No. 10). Defendant seeks dismissal of the Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(1), (2), (5), and (6). (Document No. 9). A response to the motion to dismiss was due by August 2, 2021.

The undersigned issued a Roseboro Order on August 25, 2021, advising *pro se* Plaintiff of the right to file a response to the motion to dismiss, and that failure to file a timely and persuasive response would likely lead to the dismissal of this lawsuit. (Document No. 11). The Court *sua sponte* extended the response deadline to September 10, 2021. Id.

Although the docket reflects that Plaintiff received the Court's Order by certified U.S. mail on August 31, 2021, Plaintiff has failed to file any response or to request additional time to do so. See (Document No. 12).

The pending motion is now ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.

## II.  DISCUSSION

Defendant presents concise and persuasive arguments in support of dismissal. (Document No. 10, pp. 5-11). First, Defendant avers that Plaintiff has failed to serve Defendant in his official capacity with proper process. (Document No. 10, p. 5). As such, Defendant argues that this action

"should be dismissed pursuant to Rule 12(b)(5) for insufficiency of service of process and Rule 12(b)(2) for lack of personal jurisdiction." (Document No. 10, p. 7).

Next, Defendant contends that Eleventh Amendment immunity bars Plaintiff's claims against the State, including "its alter egos acting in their official capacities." Id. (citations omitted). In addition, Defendant argues the dismissal under Rule 12(b)(6) is appropriate because Plaintiff has not alleged sufficient facts to support her claims. (Document No. 10, pp. 8-9).

Defendant also notes that to the extent Plaintiff asserts a claim of copyright infringement, that claim fails because she has not shown (or alleged) that she "possesses a valid copyright and that the defendant copied elements of its work that are original and protectable." (Document No. 10, p. 11) (quoting Copeland v. Bieber, 789 F.3d 484, 488 (4th Cir. 2015)). Moreover, Defendant argues that because "Plaintiff alleges that Wake County Schools adopted whatever purported copyright she may have with regard to virtual school . . . Plaintiff has failed to state a claim for copyright infringement against the Governor." Id.

The undersigned finds these, and Defendant's other arguments and legal authority, to be compelling. (Document No. 10). As noted above, Plaintiff has failed to make any filing with this Court since Defendant's motion to dismiss was submitted, and her inaction suggests that she has abandoned her claims here.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Cooper's Motion To Dismiss Amended Complaint" (Document No. 9) be **GRANTED**.

The Clerk of Court is directed to send a copy of this Memorandum And Recommendation to pro se Plaintiff by certified U.S. Mail, return receipt requested.

## IV.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Id.  "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: December 15, 2021

David C. Keesler
United States Magistrate Judge